Case No. 5,214.

GARBER v. GLOBE MUT. LIFE INS. CO.

[4 Ins. Law J. 307; 5 Bigelow, Ins. Cas. 221.] Circuit Court, E. D. Missouri. Sept., 1874.

DILLON, Circuit Judge (orally charging jury). On the 5th day of November, 1869, the defendant issued at its St. Louis agency the policy now sued on, by which it insured the life of the plaintiff's husband for her use, on certain conditions, for the sum of $5,000. The company defends the action brought to recover this sum upon two special grounds: 1. Because Mr. Garber resided within the prohibited district of country, contrary to the terms of the policy. 2. Because the premium which fell due on November 1, 1872, was not paid when it fell due. It is undisputed upon the testimony that Mr. Garber was taken sick in New Orleans about the 6th or 7th day of November, 1872, and died of yellow fever on the 11th day of November of that year, about 11:30 o'clock a. m. In the latter part of October, 1872, the agency of the company at St. Louis received from the home office of the company a notice, directed to Mr. Garber, that the premiums on the policy would become due on the 1st day of November, and there is evidence that on the last day of October, or the 1st day of November, the agents of the defendant at St. Louis directed this notice to the assured at New Orleans, and Mrs. Garber testifies that this notice was received there by her on or about November 4th, at New Orleans. On the 10th day of November a telegram was sent by Mrs. Garber from New Orleans to a Mr. Warne at St. Louis, directing the latter to go to the company's agency in St. Louis, (at which the policy was issued, and which had collected all the previous premiums,) and pay the premium. Accordingly, on the morning of the 11th day of November Mr. Warne called at the office

of the company, and about 9 o'clock a. m. paid the premium and received a renewal receipt, renewing the policy for a year from November 1, 1872. Mr. Warne did not know that Mr. Garber was then sick, and did not, of course, state that fact to the company. On the other hand, the company at the time it received the premium did not make any inquiries concerning the health of the assured. In a short time the agents at St. Louis became aware of the death of Garber, and the circumstances, and communicated them by letter to the home company, and before hearing from it, the agents included the amount in their semi-monthly report to the home company of November 15th. Before this report reached the home company, the latter had telegraphed the St. Louis agency to return the premium and demand a surrender of the renewal receipt. Shortly afterward the agency here tendered to Mr. Warne the amount of the premium and demanded a return of the renewal receipt, but the tender was not received nor the receipt returned.

With this brief reference to some of the undisputed facts in the case, we now come to instruct in reference to the law as to the two special defences relied on by the company. First, as to the residence within the prohibited district. The policy provides that if between the first of July and the first of November the assured shall reside south of the 33d degree of north latitude without the consent of the company given in writing, the policy shall be null and void. The plaintiff admits that Garber did reside in New Orleans between July 1 and November 1, 1872, without the written consent of the company. This is a complete defense, and the plaintiff cannot recover unless the provision of the policy was waived by the acts of the company or its authorized agents. If you believe, from the evidence, that the officers of the company, transacting all the business of the company respecting this policy, knew that Mr. Garber had been and was residing in New Orleans from July to November, 1872, in violation of the condition of the policy as to place of residence, and received the premium on the 11th day of November with such knowledge, and issued a renewal receipt, then this ground of defense fails. But if the company received this premium without knowledge that the policy had been violated in this respect, then this defense is made out and the plaintiff cannot recover. Bliss, Ins. (2d Ed.) 344. Second, as to the defense arising out of the non-payment of the premium on the 1st day of November. It is admitted that payment of the premium was not made until November 11th; but the plaintiff also claims that this condition was waived by the company; she claims that the company, by its general course of dealing in giving thirty days' time in which to pay the premiums generally, and by its practice in respect to this particular policy—that the company waived payment of the premium to a period beyond the time when it was actually paid. Evidence has been given to show that the company's agency in St. Louis were in the habit of giving parties thirty days in which to make payment of their premiums. Whether this is satisfactorily established to be the general practice of the company in this respect at St. Louis, is for you to determine. As respects this particular policy, evidence has been given to show that the premium due November 1, 1871, was paid by note, and the premium due November 1, 1871, was paid by a note, December 14, 1871, which note was collected by the St. Louis agents of the company from Garber at New Orleans in July, 1872. In respect to the premium due November 1, 1871, a letter has been introduced in evidence from the company's officers at St. Louis, addressed to Mr. Garber at New Orleans, dated St. Louis, November 3, 1871, calling attention to the premium due on the first day of that month, requesting payment, and concluding with these words: "Please reply at once, as receipts can be held only thirty days, and then at risk of the assured." If you find from all the evidence that the company by its general course of dealing, and by its particular course of dealing with Mr. Garber, waived prompt payment of the premium, and led him to believe that he could have thirty days after the 1st of November to pay, then having received the premium within the thirty days, this ground of defense fails. Bliss, Ins. (2d Ed.) 299 et seq. If, however, there was no such waiver of prompt payment, then the payment on the 11th would not be effectual to renew the policy if Garber was then dangerously ill with yellow fever, and this fact was not disclosed to the company's agents to whom the premium was offered.

Verdict for plaintiff.